IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ISMAIL SHAHATA, | ) CIVIL NO. 09-00231 ACK-KSC |
| | ) |
|     Plaintiff, | ) REPORT OF SPECIAL MASTER |
| | ) RECOMMENDING THAT THE |
|     vs. | ) MOTION OF R. STEVEN |
| | ) GESHELL FOR AN AWARD OF |
| W STEAK WAIKIKI, LLC, a | ) ATTORNEY'S FEES, COSTS AND |
| Hawaii limited liability | ) LIEN FOR REPRESENTING |
| company, | ) PLAINTIFF BE GRANTED IN |
| | ) PART AND DENIED IN PART |
|     Defendant. | ) |
| _____ | ) |

REPORT OF SPECIAL MASTER RECOMMENDING THAT THE
MOTION OF R. STEVEN GESHELL FOR AN AWARD OF
ATTORNEY'S FEES, COSTS AND LIEN FOR REPRESENTING
<u>PLAINTIFF BE GRANTED IN PART AND DENIED IN PART</u>

        Before the Court is the Motion of R. Steven

Geshell For an Award of Attorney's Fees, Costs, and

Lien for Representing Plaintiff ("Motion"), filed

November 10, 2009.  As directed by the Court, Mr.

Geshell filed a supplemental memorandum on November 16,

2009.  On November 24, 2009, Defendant W Steak Waikiki,

LLC ("Defendant") filed a Statement of No Position.  On

December 15, 2009, Plaintiff Ismail Shahata

("Plaintiff") filed an Objection to the Motion.  Mr.

Geshell filed a Reply on December 17, 2009.

        This matter came on for hearing on December 29,

2009.  Mr. Geshell appeared; Plaintiff appeared by
phone *pro se*;[1] and Hope Bennett, Esq., appeared on
behalf of Defendant.  After carefully reviewing the
Motion, the supporting and opposing memoranda, and the
relevant case law, the Court FINDS and RECOMMENDS that
the Motion be GRANTED IN PART AND DENIED IN PART for
the reasons set forth below.

<u>BACKGROUND</u>

Plaintiff commenced this action on May 21,
2009.  By way of document titled "Attorney
Substitution" dated October 27, 2009, and received by
the Court on October 29, 2009, Plaintiff informed the
Court that he had relieved his attorney, Mr. Geshell.
On November 2, 2009, Mr. Geshell filed a Motion to
Withdraw as Attorney for Plaintiff, which the Court
granted.

<u>DISCUSSION</u>

Mr. Geshell requests fees and costs in the
amount of $2,350.21 due to his premature discharge

---

[1]  At the hearing, Plaintiff requested that he be
allowed to use an interpreter, Mohamed Tarakji, and the
Court so permitted.

without cause.   Plaintiff asserts that at no time was

he satisfied with Mr. Geshell's services.   Although

disputed by Mr. Geshell, Plaintiff claims that he

enlisted the assistance of a third party to advise Mr.

Geshell about how to proceed with the case, and whose

assistance resulted in the commencement of this action.

Because the basis of jurisdiction in this case

is diversity, the Court looks to Hawaii law in

assessing Mr. Geshell's entitlement to attorneys' fees.

In Hawaii, it is established that

> [w]hen an attorney who is employed on a
> contingent fee contract is discharged
> without fault on his part before the
> happening of the contingency, the
> contingent fee contract is ended and the
> attorney is entitled to an award of the
> reasonable value of his services as agreed
> upon or as determined by the court under
> the guidelines of Sharp v. Hui Wahine,
> Inc., 49 Haw. 241, 413 P.2d 242 (1966),
> but in the exercise of its discretion.

Hoddick, Reinwald, O'Connor & Marrack v. Lotsof, 6 Haw.

App. 296, 303, 719 P.2d 1107, 1113 (1986) (citing

Booker v. Midpac Lumber Co., Ltd., 65 Haw. 166, 649

P.2d 376 (1982)).

Here, the Court finds that Mr. Geshell is

entitled to an award of reasonable attorneys' fees and costs for his services from the commencement of the attorney-client relationship to the time of his termination.  Based on the record before the Court, it appears that Mr. Geshell was terminated without fault, despite Plaintiff's allegations to the contrary.

At the hearing, Plaintiff, through his interpreter Mohamed Tarakji, presented arguments not included in his Objections to the Motion. Consequently, the arguments carry little to no weight. The Court instead finds that Mr. Geshell's actions, upon which Plaintiff justifies his discharge, were appropriate and consistent with the practice in this Court.

First, Mr. Geshell properly filed the Complaint in this Court,[2] and successfully obtained in forma pauperis status for Plaintiff.  Plaintiff takes issue with a purported contradiction in the amount of damages Mr. Geshell represented he would seek and those

---

[2]  Plaintiff erroneously believes that Mr. Geshell improperly filed the Complaint here and should have instead commenced the action in Virginia.

specifically requested in the Complaint.  There is no
contradiction.  The Complaint includes certain special
damage amounts, but also prays for special, general,
and punitive damages in amounts to be proven at trial.
Significantly, while Plaintiff now voices his
protestation, contained in the Complaint is his
verification that he read the Complaint, knew the
contents thereof, and that the contents were true.  <u>See</u>
Verified Compl.  At the hearing, Mr. Tarakji confirmed
that at the time the Complaint was filed, he had
translated the substance of the Complaint for
Plaintiff.

Second, Plaintiff's concerns about Mr.
Geshell's alleged improper scheduling are unfounded.
The dates and deadlines set forth in the Rule 16
Scheduling Order are Court-imposed.  Mr. Geshell did
not have the power to expedite this action, nor was he
in a position to control the Court's calendar.

Third, the fact that Mr. Geshell did not file a
motion for summary judgment prior to conducting and
receiving requisite discovery from Defendant, does not

demonstrate or establish any inadequacy or incompetence
in his representation of Plaintiff such that discharge
with fault would be justified.  Plaintiff maintains
that Mr. Geshell was supposed to file a motion for
summary judgment.  However, under the Scheduling Order,
the deadline for dispositive motions is March 17, 2010.
Attorneys ordinarily and regularly file dispositive
motions, such as motions for summary judgment, on the
deadline.  In fact, it is rather uncommon for attorneys
to file motions for summary judgment months in advance
of the deadline and before the parties have conducted
formal discovery.

        Having determined that Plaintiff discharged Mr.
Geshell without fault, the Court must now assess the
reasonableness of the fees and costs requested.  After
careful review of Mr. Geshell's timesheet and
Declaration, the Court finds that his hourly rate of
$250 is manifestly reasonable, and is consistent with
and even below the prevailing rates in the community
for similar services performed by attorneys of
comparable experience, skill and reputation.  In

addition, the Court finds that Mr. Geshell reasonably and necessarily expended 8.9 hours on this action. Accordingly, the Court recommends that he be awarded $2,328.91 in attorneys' fees and tax.[3]

With respect to Mr. Geshell's request for costs, the Court recommends denial without prejudice. Insofar as Mr. Geshell did not provide the Court with supporting documentation for his request, as required by Local Rule 54.2(f)(4), the Court is unable to determine whether the request is reasonable. Mr. Geshell may renew his request. However, any renewed request for costs should be supported with appropriate documentation and should comply with the applicable Local Rules.

Finally, the Court recommends that the district court impose a lien for the recommended $2,328.91 award of fees, pursuant to both <u>Hoddick, Reinwald, O'Connor & Marrack v. Lotsof</u> and the Contingency Fee Contract

---

[3] This award is reasonable despite Plaintiff's in forma pauperis status, as Mr. Geshell only seeks to recover the fees from any judgment or settlement that Plaintiff may obtain.

("Contract") executed by Mr. Geshell and Plaintiff on
February 25, 2009.  Under the terms of the Contract,
Plaintiff "expressly assigns to Counsel, to the extent
of the amounts payable under Paragraphs 2 and 3 hereof,
the right to receive any sum(s) realized by way of
settlement or judgment and grants a lien to Counsel as
to such sum(s)."  Mot., Ex. 1 at ¶ 5.  Plaintiff has
not argued, nor is there evidence to suggest, that the
Contract is unenforceable.[4]

Even if Plaintiff had not contractually granted
a lien, or the Contract was unenforceable, Hawaii
recognizes the right of a discharged attorney who
served under a contingent fee agreement to "assert a
charging lien for costs advanced and reasonable
attorney fees against his former client's recovery in
the case."  Hoddick, 6 Haw. App. at 304, 719 P.2d at
1114 (citing Carroll v. Miyashiro, 50 Haw. 413, 441

---

[4]  At the hearing, Plaintiff argued that he signed
a retainer without understanding it or reviewing it.
It is unclear whether the retainer and the Contract are
the same document.  For the purposes of this Motion, it
is irrelevant because there is an independent legal
basis for the imposition of a lien.

8

P.2d 638 (1968)).  Thus, the Court finds that the imposition of a lien for the amount of the aforementioned attorneys' fees (as well as any costs that may be taxed against Plaintiff in the future) is appropriate.

<u>CONCLUSION</u>

Based on the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that the Motion of R. Steven Geshell For an Award of Attorney's Fees, Costs, and Lien for Representing Plaintiff, filed November 10, 2009, be GRANTED IN PART AND DENIED IN PART.  The Court recommends that the Motion be granted with respect to 1) the request for attorneys' fees and that the district court award Mr. Geshell $2,328.91 in attorneys' fees and tax and 2) the imposition of a lien for said amount.  The Court recommends that the Motion be denied without prejudice as to the request for costs.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, December 30, 2009.





Kevin S.C. Chang
United States Magistrate Judge

SHAHATA V. W STEAK WAIKIKI, LLC; CIVIL NO. 09-00231 ACK-KSC; REPORT OF SPECIAL MASTER RECOMMENDING THAT MOTION OF R. STEVEN GESHELL FOR AN AWARD OF ATTORNEY'S FEES, COSTS AND LIEN FOR REPRESENTING PLAINTIFF BE GRANTED IN PART AND DENIED IN PART