IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

ISMAIL SHAHATA,                    ) CIVIL NO. 09-00231 ACK-KSC
                                   )
        Plaintiff,                 ) FINDINGS AND
                                   ) RECOMMENDATION TO GRANT IN
        vs.                        ) PART AND DENY IN PART
                                   ) DEFENDANT W STEAK WAIKIKI,
W STEAK WAIKIKI, LLC, a            ) LLC'S MOTION FOR ATTORNEY
Hawaii limited liability           ) FEES AND RELATED NON-
company,                           ) TAXABLE COSTS
                                   )
        Defendant.                 )
_____    )

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY
IN PART DEFENDANT W STEAK WAIKIKI, LLC'S MOTION FOR
<u>ATTORNEY FEES AND RELATED NON-TAXABLE COSTS</u>

        Before the Court is Defendant W Steak Waikiki,

LLC's ("Defendant") Motion for Attorney Fees and

Related Non-Taxable Costs ("Motion"), filed October 12,

2010.  On October 25, 2010, Defendant filed a Statement

of Consultation ("SOC").  To date, Plaintiff Ismail

Shahata ("Plaintiff") has not responded to the Motion.[1]

_____

        [1]  Pursuant to Rule 54.3(f) of the Local Rules of
Practice of the U.S. District for the District of
Hawaii ("Local Rules"), Plaintiff's responsive
memorandum was due, at latest, by November 12, 2010.
Local Rule 54.3(f) ("Unless otherwise ordered by the
court, any opposing party may file and serve a
responsive memorandum within fourteen (14) days after
service of the statement of consultation."); Fed. R.
Civ. P. 6(a)(1)(C), 6(d).

On November 23, 2010, Defendant filed a Reply. After careful consideration of the Motion and the supporting memorandum, the Court HEREBY FINDS AND RECOMMENDS that the Motion be GRANTED IN PART AND DENIED IN PART, and that Defendant be awarded **$155,441.71** in attorneys' fees and tax.

<u>BACKGROUND</u>

As the Court and the parties are familiar with the history of this case, the Court will include only those facts relevant to the instant Motion, and hereby incorporates by reference the findings of fact set forth in Senior United States District Judge Alan C. Kay's Findings of Fact, Conclusions of Law, and Decision ("Findings"), issued on September 24, 2010.

On June 25, 2010, Judge Kay issued an Order Granting in Part, and Denying in Part, Defendant's Motion for Summary Judgment ("6/25/10 Order"), wherein he granted summary judgment in favor of Defendant with respect to Plaintiff's claims for infliction of emotional distress, invasion of privacy, wrongful discharge, and punitive damages. 6/25/10 Order at 41.

From August 24, 2010, to September 3, 2010, the parties participated in a bench trial on Plaintiff's breach of contract and promissory estoppel claims. Following the trial, Judge Kay issued his Findings.  He concluded that Plaintiff failed to prove his claims by a preponderance of the evidence, and found that Defendant was entitled to judgment on all counts.  On September 27, 2010, the Clerk entered judgment in favor of Defendant.  The instant Motion followed.

<u>DISCUSSION</u>

A.   <u>Entitlement to Attorneys' Fees</u>

Defendant argues that it is entitled to an award of attorneys' fees, pursuant to Hawaii Revised Statutes ("HRS") § 607-14, as the prevailing party in this action.  A federal court sitting in diversity must apply state law in determining whether the prevailing party is entitled to attorneys' fees.  <u>See</u> <u>Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr.</u>, 250 F.3d 1234, 1236 (9th Cir. 2001).  Under Hawai'i law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute,

3

stipulation, or agreement." <u>Stanford Carr Dev. Corp. v. Unity House, Inc.</u>, 111 Hawai'i 286, 305, 141 P.3d 459, 478 (2006) (citation and quotation marks omitted).

HRS § 607-14 governs the award of fees for actions/claims in the nature of assumpsit, and states, in pertinent part:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.

Haw. Rev. Stat. § 607-14.  A court awarding attorneys' fees pursuant to § 607-14 must apportion the fees claimed between assumpsit and non-assumpsit claims, if

4

practicable.  See Blair v. Ing, 96 Hawai'i 327, 332, 31
P.3d 184, 189 (2001).

    1.  Prevailing Party

       Section 607-14 states that reasonable
attorneys' fee shall be taxed in favor of the
prevailing party and against the losing party in an
action in the nature of assumpsit.  The Hawaii courts
have noted that "'[i]n general, a party in whose favor
judgment is rendered by the district court is the
prevailing party in that court, plaintiff or defendant,
as the case may be. . . .'" MFD Partners v. Murphy, 9
Haw. App. 509, 514, 850 P.2d 713, 716 (1992) (quoting 6
J. Moore, W. Taggart & J. Wicker, Moore's Federal
Practice ¶ 54.70[4], at 54-323-54-324, (2d ed. 1992))
(some alterations in original); see also Village Park
Cmty. Ass'n v. Nishimura, 108 Hawai'i 487, 503, 122
P.3d 267, 283 (Haw. Ct. App. 2005) (citation omitted).
Thus, under Hawaii law, in order to be deemed the
prevailing party for the purposes of § 607-14,
Defendant must have obtained final judgment in its

favor.   Insofar as the Court entered final judgment in Defendant's favor and against Plaintiff with respect to all claims, Defendant is the prevailing party in this action.

   2.   <u>Nature of the Claims</u>

        The Court's next inquiry is whether the claims are in the nature of assumpsit.   "Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations."   <u>808 Dev., LLC v. Murakami</u>, 111 Hawai'i 349, 366, 141 P.3d 996, 1013 (2006) (citation, emphases, and quotation marks omitted); <u>Helfand v. Gerson</u>, 105 F.3d 530, 537 (9th Cir. 1997) ("Under Hawaii case law, an action in the nature of assumpsit includes 'all possible contract claims.'").

        However, the mere fact that a claim "relate[s] to a contract between the parties does not render a dispute between the parties an assumpsit action." <u>TSA Int'l, Ltd. v. Shimizu Corp.</u>, 92 Hawai'i 243, 264,

990 P.2d 713, 734 (1999).  "'[T]he nature of a claim'
is 'determined from the substance of the entire
pleading, the nature of the grievance, and the relief
sought, rather than from the formal language employed
or the form of the pleadings.'"  S. Utsunomiya Enters,
Inc. v. Moomuku Country Club, 76 Hawai'i 396, 400, 879
P.2d 501, 505 (1994).  For a claim to be in the nature
of assumpsit, "the plaintiff's primary objective must
be to obtain monetary relief for breach of the
contract."  Kahala Royal Corp. v. Goodsill Anderson
Quinn & Stifel, 113 Hawai'i 251, 280, 151 P.3d 732, 761
(2007).

        It is well-established that "[w]hen there is a
doubt as to whether the action is in assumpsit or tort,
there is a presumption that the suit is in assumpsit."
Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir.
2003) (quoting Leslie v. Estate of Tavares, 93 Hawai'i
1, 6, 994 P.2d 1047, 1052 (2000) (citing Healy-Tibbitts
Constr. Co. v. Hawaiian Indep. Refinery, Inc., 673 F.2d
284, 286 (9th Cir. 1982))); see also Helfand, 105 F.3d

at 537.  Although the Court looks to the substance of
the entire pleading, it must also "determine whether
each individual claim alleged in a complaint sounds in
assumpsit or tort."  <u>Kona Enters. v. Estate of Bernice
Pauahi Bishop</u>, 229 F.3d 877, 885 (9th Cir. 2000).

Here, Defendant submits that it is entitled to
attorneys' fees because the claims that proceeded to
trial (promissory estoppel and breach of contract) were
in the nature of assumpsit.  Defendant has not
addressed the effect of the other claims asserted by
Plaintiff (infliction of emotional distress, invasion
of privacy, wrongful discharge, and punitive damages),
which are not in the nature of assumpsit.  When a case
involves both assumpsit and non-assumpsit claims, "a
court must base its award of fees, if practicable, on
an apportionment of the fees claimed between assumpsit
and non-assumpsit claims."  <u>TSA</u>, 92 Hawai'i at 264, 990
P.2d at 734 (citation omitted).  The Court must
therefore determine whether each individual claim
alleged in the complaint sounds in assumpsit or in tort

8

and apportion fees between the assumpsit and non-assumpsit claims if practicable.  <u>Kona Enters.</u>, 229 F.3d at 885.  However, in some cases it may be impracticable or impossible to apportion fees.  <u>See</u>, <u>e.g.</u>, <u>Blair</u>, 96 Hawai'i at 333, 31 P.3d at 190 ("Because the negligence claim in this case was derived from the alleged implied contract and was inextricably linked to the implied contract claim by virtue of the malpractice suit, we hold that it is impracticable, if not impossible, to apportion the fees between the assumpsit and non-assumpsit claims.").  In such cases, a court may award reasonable attorneys' fees pursuant to HRS § 607-14 to a party who succeeds on a contract claim that is "inextricably linked" to a tort claim, and decline to apportion fees.  <u>Id.</u>

In the present case, the Court agrees with Defendant that Plaintiff's breach of contract and promissory estoppel claims are in the nature of assumpsit.  <u>Murakami</u>, 111 Hawai'i at 366, 141 P.3d at 1013; <u>Helfand</u>, 105 F.3d at 537.  As noted above,

however, the infliction of emotional distress, invasion
of privacy, and wrongful discharge claims, and request
for punitive damages are not in the nature of
assumpsit.  Despite the fact that only two of the
claims asserted by Plaintiff are in the nature of
assumpsit, the Court concludes that it cannot
practicably apportion between the assumpsit and non-
assumpsit claims.  Even after a careful review of
counsel's detailed billings, the Court is unable to
apportion the fees between the assumpsit and non-
assumpsit claims.[2]  Further, the Court finds that under
the circumstances of this case, the claims are
inextricably intertwined.  Plaintiff's non-assumpsit
claims were inextricably linked to and derived from the
breach of contract claim.  Consequently, the Court
declines to apportion the fees between the assumpsit
and non-assumpsit claims.[3]

---

[2] Of note, Defendant incurred the bulk of the
requested fees from the trial, which involved the
assumpsit claims.

[3] This result is also equitable given Plaintiff's
failure to respond to or oppose the Motion.  It is

B.   Calculation of Fees

          The Court shall now calculate the

reasonableness of the fees requested by Defendant.

Hawaii courts calculate reasonable attorneys' fees

based on a method that is virtually identical to the

traditional "lodestar" calculation set forth in Hensley

v. Eckerhart, 461 U.S. 424, 433 (1983).   See DFS Group

L.P. v. Paiea Props., 110 Hawai'i 217, 222, 131 P.3d

500, 505 (2006).   The court must determine a reasonable

fee by multiplying the number of hours reasonably

expended by a reasonable hourly rate.   See id. at 222-

23, 131 P.3d at 505-06.   In addition, Hawaii courts may

consider the following factors:

> (1) the time and labor required, the
> novelty and difficulty of the questions
> involved and the skill requisite properly
> to conduct the cause; (2) whether the
> acceptance of employment in the particular
> case will preclude the lawyer's appearance
> for others in cases likely to arise out of
> the transaction, and in which there is a
> reasonable expectation that otherwise he

_____

Plaintiff's burden to show that his claims were not in
the nature of assumpsit.   Kona Enters., 229 F.3d at
885.

would be employed, or will involve the
loss of other employment while employed in
the particular case or antagonisms with
other clients; (3) the customary charges
of the Bar for similar services; (4) the
amount involved in the controversy and the
benefits resulting to the client from the
services; (5) the contingency or the
certainty of the compensation; and (6) the
character of the employment, whether
casual or for an established and constant
client.

Chun v. Bd. of Trs. of Employees' Ret. Sys. of Hawai'i,

106 Hawai'i 416, 435, 106 P.3d 339, 358 (2005)

(citations omitted). These factors, however, are

merely guides; courts need not consider them in every

case. See id. In certain types of cases, some of

these factors may justify applying a multiplier to the

"lodestar" amount. See Chun v. Bd. of Trs. of

Employees' Ret. Sys. of Hawai'i, 92 Hawai'i 432, 442,

992 P.2d 127, 137 (2000).

Defendant requests $165,750.00 in attorneys'

fees, which represents 25% of a $663,000.00 settlement

offer made by Plaintiff. See Haw. Rev. Stat. § 607-14

("The above fees provided for by this section shall be

assessed . . . upon the amount sued for if the

12

defendant obtains judgment."). Defendant claims to have actually incurred $189,936.28 in attorneys' fees over the course of the litigation, as reflected by the following table:

| NAME | HOURS | RATE | TOTAL |
|------|-------|------|-------|
| Barbara Petrus | 11.1 | $340.00 | $3,774.00 |
| Barbara Petrus | 268.4 | $350.00 | $93,940.00 |
| Corlis Chang | 2 | $295.00 | $590.00 |
| Shannon Sagum | 361.6 | $195.00 | $70,512.00 |
| Hope Bennett | 9.5 | $150.00 | $1,425.00 |
| Nicholas Kelsey | 65.4 | $185.00 | $12,099.00 |
| **TAX (4.166%)** | | | $7,596.28 |
| **TOTALS** | 718 | | $189,936.28 |

The Court agrees that Defendant is potentially entitled to fees in the amount of $165,750.00. Because Defendant, not Plaintiff, obtained judgment in its favor, the 25% cap on the fee award must be based on the amount sued for. Plaintiff did not specify the total amount of damages requested in the Complaint, but

13

prayed for special, general, and punitive damages, as
well as attorneys' fees.  However, on July 12, 2010,
Plaintiff emailed defense counsel with an offer to
settle the case for $663,000.00.  Mot., Ex. D.  On July
15, 2010, in what appears to be a response to an email
from defense counsel that included Defendant's final
pretrial statement, Plaintiff identified $151,400.00 as
the amount of his preliminary/primary damages.[4]  <u>Id.</u>,
Ex. E.  Given this Court's involvement in settlement
negotiations and the fact that the July 15, 2010 email
does not appear to be a complete representation of the
damages sought by Plaintiff, the Court relies on the
$663,000.00 settlement offer as the amount sued for.

    1.  <u>Reasonable Hourly Rate</u>

    As set forth above, Defendant requests the
following hourly rates:  1) Barbara Petrus - $340/$350;
2) Corlis Chang - $295; 3) Shannon Sagum - $195;
4) Hope Bennett - $150; and 5) Nicholas Kelsey - $185.

---

    [4]  Plaintiff identified the damages as both
preliminary and primary.  It is unclear which is the
correct reference.

The Hawaii courts consider the reasonable hourly rate
in a manner virtually identical to the traditional
lodestar formulation and some courts have considered
federal law in determining a reasonable hourly rate.
See, e.g., Reiche v. Ferrera, No. 24449, 2003 WL
139608, at *8 (Hawai'i Ct. App. Jan. 16, 2003) ("The
reasonable hourly rate is that prevailing in the
community for similar work." (citing United States v.
Metro. Dist. Comm'n, 847 F.2d 12, 19 (1st Cir. 1988)).
But see DFS Group, 110 Hawai'i at 223, 131 P.3d at 506
(determining a reasonable hourly rate by calculating
the average of the four requested rates).  This Court
therefore finds that federal case law on the
determination of a reasonable hourly rate is
instructive in the instant case.

        In determining the reasonableness of an hourly
rate, the experience, skill, and reputation of the
attorney requesting fees are taken into account.  See
Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir.
2002).  The reasonable hourly rate should reflect the

prevailing market rates in the community.  See id.;

Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir.

1992), as amended on denial of reh'g, (1993) (noting

that the rate awarded should reflect "the rates of

attorneys practicing in the forum district"); see also

Chun, 106 Hawai'i at 435, 106 P.3d at 358 (listing "the

customary charges of the Bar for similar services" as a

factor that may be considered).  It is the burden of

the fee applicant to produce satisfactory evidence, in

addition to an affidavit from the fee applicant,

demonstrating that the requested hourly rate reflects

prevailing community rates for similar services.  See

Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th

Cir. 1987).

Barbara Petrus has been a member of the Hawaii

Bar since 1982, practicing in the area of labor and

employment law.  See Mot., Aff. of Barbara A. Petrus

("Petrus Aff.") at ¶ 5(a).  Corlis Chang has been a

member of the Hawaii Bar since 1983.  Shannon Sagum was

licensed in California and Hawaii in 2003 and 2004,

respectively.  Id. at ¶ 5(c).  Nicholas Kelsey was

licensed in California and Hawaii in 2006 and 2007,

respectively.  Id. at ¶ 5(d).  Hope Bennet has been a

member of the Hawaii bar since 2008.  Id. at ¶ 5(e).

This Court is well aware of the prevailing

rates in the community for similar services performed

by attorneys of comparable experience, skill and

reputation.  Based on this Court's knowledge of the

community's prevailing rates, the hourly rates

generally granted by the Court, the Court's familiarity

with this case, and defense counsel's submissions, this

Court finds that the requested hourly rates are

slightly excessive.  Accordingly the Court hereby

adjusts said hourly rates and finds that the following

rates are reasonable:  Ms. Petrus - $325; Ms. Chang -

$ 295; Ms. Sagum - $180; Mr. Kelsey - $165; and Ms.

Bennett - $150.

2.  <u>Reasonable Hours Expended</u>

For the reasoning stated in Section B.1, this

Court finds federal case instructive on the issue of

17

the reasonable number hours expended on the instant
case.  Beyond establishing a reasonable hourly rate, a
prevailing party seeking attorneys' fees bears the
burden of proving that the fees and costs taxed are
associated with the relief requested and are reasonably
necessary to achieve the results obtained.  See Tirona
v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632,
636 (D. Haw. 1993) (citations omitted); see also Sharp
v. Hui Wahine, 49 Haw. 241, 247, 413 P.2d 242, 246
(1966) (the party requesting fees has the burden to
prove that the requested fees were reasonably and
necessarily incurred).  The court must guard against
awarding fees and costs which are excessive, and must
determine which fees and costs were self-imposed and
avoidable.  See Tirona, 821 F. Supp. at 637 (citing
INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391,
404 (6th Cir. 1987), cert. denied, 484 U.S. 927
(1987)).  Courts have the "discretion to 'trim fat'
from, or otherwise reduce, the number of hours claimed
to have been spent on the case."  Soler v. G & U, Inc.,

18

801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

Defendant submits that its attorneys expended 20.5 hours on case development; 14.1 hours on pleadings; 7.2 hours on discovery; 31 hours on depositions; 75.7 hours on motions practice; 17[5] hours on court attendance; 479.7 hours on trial preparation and attendance; and 72.8 hours on post-trial motions. After careful review of counsel's detailed billing summary, the Court finds that the following reductions are necessary and appropriate.

a.   Duplicate Billing

The Court reduces the attorneys' hours for meetings, discussions, and other communications, for which multiple attorneys billed.  The general rule is

---

[5]   The time sheets (Exhibit B) noted the total hours as 18.5.  However, according to the subtotal hours presented to the Court, the total should be 17 hours.

19

that two professionals cannot bill for attending the same meeting. <u>Brandon E. v. Dep't of Educ., State of Hawaii</u>, No. CV 07-00536 ACK-LEK, 2008 WL 4602533, at *3 (D. Haw. Oct. 16, 2008). Thus, when a party's counsel meet with one other, the Court deducts the duplicative time billed. <u>Id.</u>; <u>In re Mullins</u>, 84 F.3d 459, 467 (D.C. Cir. 1996) (deducting fees incurred by the two lowest-billing attorneys where three attorneys billed time spent attending a meeting together)). Here, the Court deducts 1.2 hours from Ms. Chang's billings because it duplicates the time billed by Ms. Petrus for a client meeting.

Similarly, the Court finds duplicative instances where Ms. Sagum billed for attending client meetings/conferences, as well as conferences with the Court that Ms. Petrus also attended. <u>See</u>, <u>e.g.</u>, <u>Sheffer v. Experian Info. Solutions, Inc.</u>, 290 F. Supp. 2d 538, 546 (E.D. Pa. 2003) (disallowing fees for mere attendance at deposition). Co-counsel's attendance at hearings and status conferences is understandable, but

20

the resulting duplicative fees should not be taxed against Plaintiff.  As such, the Court deducts 7.3 hours[6] from Ms. Sagum's time.

      b.  <u>Clerical or Ministerial Tasks</u>

      A couple of time entries reflect billing for clerical/ministerial work and are non-compensable. "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." <u>Jeremiah B. v. Dep't of Educ.</u>, Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing <u>Sheffer</u>, 290 F. Supp. 2d at 549). Tasks such as reviewing Court-generated notices, notifying clients of court hearings, filing documents with the Court, communication with court staff, scheduling, and corresponding regarding deadlines, are clerical and not compensable.  <u>Id.</u> (finding that entries for communications about, and internal office

---

     [6]  This increment of time also includes other tasks.  However, because the entries are block billed, the Court cannot apportion the time dedicated to the duplicative attendance, and deducts the full time entry.

management of, hearing dates and due dates are clerical in nature); <u>Nicholas M. ex rel. Laura M. v. Dep't of Educ., Hawaii</u>, Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010) (finding that tasks such as informing a client that a document has been filed or informing client of a hearing date is clerical or ministerial); <u>Hawaii Carpenters Trust Funds v. Cosier Const., Inc.</u>, Civil No. CV 08-00442 SOM-LEK, 2009 WL 291188, at *3 (D. Haw. Feb. 03, 2009) (finding that review of district court filing notices are clerical and non-compensable); <u>Bandalan v. Castle & Cooke Resorts, LLC</u>, Civil No. 07-00591 DAE-LEK, 2009 WL 1955328, at *5 (D. Haw. June 30, 2009) (clerical tasks include reviewing notices of the date and time for motions hearings and notices of filing deadlines); <u>Young v. Geico Indem. Co.</u>, Civ. No. 08-00171 JMS/KSC, 2009 WL 3049640, at *8 (D. Haw. Sept. 23, 2009) (communications with the court are clerical and not compensable).  Consequently, the Court reduces Ms.

Petrus' billings by 2.3 hours.[7]

      c.  <u>Inadequate Entries</u>

      Although counsel's time entries are in large part sufficiently descriptive, there are a few entries that must be excluded due to inadequate descriptions.[8] Local Rule 54.3(d)(2) requires that the "party seeking an award of fees must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated." Local Rule 54.3(d)(2). Given Ms. Petrus' inadequate time entries, the Court finds

_____

      [7] Ms. Petrus billed 0.6 hours for the time entry dated 5/26/10 (category C). Although the Court only deems the first task clerical, given the fact that this entry is block billed, the Court cannot apportion the time and will deduct it in full. Likewise, the time entry dated 8/19/10 (category G) must be deducted in full even though only the last task is clerical in nature.

      [8] For example, Ms. Petrus' time entry dated 7/29/10 (category G) stated "telephone call to Ms. Kawamoto." This description fails to identify the subject of the telephone call. Local Rule 54.3(d)(2) (providing example that "time entries for telephone conferences must include an identification of all participants and the reason for the call").

that her time should be reduced by 10.5 hours.[9]

### 4. Block Billing

Finally, the Court must reduce some of the requested hours due to "block billing."  "The term 'block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." Robinson v. City of Edmond, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998) (citations and quotation marks omitted).  Block billing entries generally fail to specify a breakdown of the time spent on each task.

District courts have the authority to reduce hours that are billed in block format because such a billing style makes it difficult for courts to ascertain how much time counsel expended on specified

---

[9]  As the Court will discuss in the next section, many of Ms. Petrus' time entries are block billed, which makes it difficult, if not impossible, to apportion the time spent on each task listed in a given time entry.  However, the Court has not excluded the entire time entry in the instances where Ms. Petrus' inadequate entry is only one of many tasks completed in what appears to be an entire day's billing.

24

tasks.  <u>Welch v. Metropolitan Life Ins. Co.</u>, 480 F.3d 942, 948 (9th Cir. 2007).  <u>See also</u> <u>id.</u> (citing <u>Role Models Am., Inc. v. Brownlee</u>, 353 F.3d 962, 971 (D.C. Cir. 2004) (reducing requested hours because counsel's practice of block billing "lump[ed] together multiple tasks, making it impossible to evaluate their reasonableness")); <u>see also</u> <u>Hensley</u>, 461 U.S. at 437 (holding that applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims")).  Indeed, it is a challenge to determine the reasonableness of a time entry when it includes several tasks.

The use of block billing here makes it difficult, if not impossible, for the Court to determine the reasonableness of the hours expended with respect to specific time entries.  Accordingly, the Court imposes an across-the-board reduction of 15% as to the entries that are in the "block billing" format. The following hours were billed in this style:  Ms. Petrus - 175.4 hours; Ms. Chang - 0.8 hours; Ms. Sagum

25

- 174 hours; and Mr. Kelsey - 15.9 hours.  Thus, the Court reduces counsel's hours by the following, which represents 15% of the aforementioned hours:  Ms. Petrus - 26.31 hours; Ms. Chang - 0.12 hours; Ms. Sagum - 26.1 hours; and Mr. Kelsey - 2.39 hours.

In accordance with the foregoing, the Court finds that the following hours were reasonably expended by counsel in this action: 1) Ms. Petrus - 240.39; 2) Ms. Chang - 0.68; 3) Ms. Sagum - 328.2; 4) Ms. Bennett - 9.5; and 5) Mr. Kelsey - 63.01.

3.   Total Fee Award

The Court is satisfied that Defendant has established the appropriateness of the following attorneys' fees incurred in the present action:

| NAME | HOURS | RATE | TOTAL |
|------|-------|------|-------|
| Barbara Petrus | 240.39 | $325.00 | $78,126.75 |
| Corlis Chang | 0.68 | $295.00 | $200.60 |
| Shannon Sagum | 328.2 | $180.00 | $59,076.00 |
| Hope Bennett | 9.5 | $150.00 | $1,425.00 |

| Nicholas Kelsey | 63.01 | $165.00 | $10,396.65 |
|---|---|---|---|
| **TAX (4.166%)** | | | $6,216.71 |
| **TOTALS** | 641.78 | | $155,441.71 |

The Court therefore recommends that the district court award Defendant **$155,441.71** in attorneys' fees and tax, which is less than the 25% cap on the amount sued for, or $165,750.00.  In making said recommendation, the Court has taken into consideration Plaintiff's IFP and *pro se* status.  While under certain circumstances Plaintiff's status might militate against an award of fees, the recommended award is both appropriate and mandatory here.

Section 607-14 provides that reasonable attorneys' fees, as determined by the Court, **shall** be taxed in all actions in the nature of assumpsit, to be paid by the losing party.  Haw. Rev. Stat. § 607-14. Perhaps more importantly, neither HRS § 607-14 nor case law prohibits an award of fees against a *pro se* party, or one who is proceeding *in forma pauperis*.  Indeed,

this Court and others in this district have awarded
fees against *pro se* parties.  See, e.g., <u>Moore & Moore
v. Stevens</u>, Civil No. 05-00215 SOM-LEK, 2008 WL 437030,
at *6 (D. Haw. Feb. 14, 2008) (recommending an award of
attorneys' fees against *pro se* plaintiff pursuant to
HRS § 607-14); <u>Goodin v. Fidelity Nat'l Title Ins. Co.</u>,
Civ. No. 07-00074 DAE-BMK, 2008 WL 214942, at *3 (D.
Haw. Jan. 25, 2008) (same); <u>Young v. Geico Indem. Co.</u>,
Civ. No. 08-00171 JMS-KSC, 2009 WL 3049640, at **8-9
(D. Haw. Sept. 23, 2009) (same).  Because Plaintiff has
not opposed this Motion, there is an absence of
evidence concerning his current financial situation.
Even assuming, *arguendo*, that Plaintiff had
sufficiently demonstrated that the assessment of fees
against him would be unduly burdensome or inequitable,
the mandatory language set forth in HRS § 607-14
requires that reasonable fees be taxed against the
losing party.  There is no discretionary clause that
allows the Court to decline to tax fees or to make
adjustments for the losing party's financial or *pro se*

status.   For these reasons, the Court finds that Defendant is entitled to **$155,441.71** in attorneys' fees and tax.

<u>CONCLUSION</u>

Based on the foregoing, this Court FINDS and RECOMMENDS that Defendant's Motion for Attorney Fees and Related Non-Taxable Costs, filed October 12, 2010, be GRANTED IN PART and DENIED IN PART.   The Court recommends that the district court award Defendant **$155,441.71** in attorneys' fees and tax.

IT IS SO FOUND AND RECOMMENDED.

Dated:   Honolulu, Hawaii, November 29, 2010.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 09-00231 ACK-KSC; <u>SHAHATA V. W STEAK WAIKIKI, LLC</u>; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT W STEAK WAIKIKI, LLC'S MOTION FOR ATTORNEY FEES AND RELATED NON-TAXABLE COSTS